IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID LEE ATKINSON,

        Petitioner,

v.

MARK NOOTH,

        Respondent.

Case No. 2:12-cv-01034-MA

OPINION AND ORDER

DAVID LEE ATKINSON
SID 6463647
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914-8335

    *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Respondent

MARSH, Judge

    Petitioner David Lee Atkinson, an inmate in the custody of the Oregon Department of Corrections and proceeding *pro se*, brings this

1 - OPINION AND ORDER

habeas corpus proceeding pursuant to 28 U.S.C. § 2254, challenging disciplinary sanctions imposed by the Oregon Department of Corrections. For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

## BACKGROUND

Petitioner is serving a life sentence for Aggravated Murder, a consecutive 20 year sentence for Robbery in the First Degree, and a concurrent five year sentence for Possession of a Firearm. Ex. 101.

Petitioner is a certified legal assistant at Snake River Correctional Institution. On June 19, 2011, Officer J. Patrick of the Oregon Department of Corrections issued a misconduct report following an investigation into whether petitioner was engaged in an operation to extort money in exchange for legal assistance. Petitioner is not permitted to accept money in exchange for his legal assistant services.

In the Misconduct Report, Officer Patrick asserts that recorded phone calls between Petitioner and his cellmate, Anthony Fogelman, indicated that Petitioner told Fogelman that he would help Fogelman with his legal issues for $300, which would save Fogelman thousands of dollars. Petitioner arranged for his relative Russel Jackson to accept money orders from Thelma Atkinson, petitioner's mother. Fogelman called a friend, and arranged for the friend to transfer a $100 money order to Russel
2 - OPINION AND ORDER

Jackson and to indicate that the money order was from Thelma Atkinson. A few days later, petitioner called Jackson and inquired whether Jackson had received any money from his mother. As a result of the investigation, petitioner was charged with violating rule 4.35 - Racketeering, rule 2.16 - Extortion II, and rule 4.01 - Disobedience of an Order I.

A hearing was conducted by Hearings Officer Frank Serrano on June 27, 2011. At the hearing, petitioner acknowledged having received the Misconduct Report, a Notice of Hearing, a Notice of Inmate Rights in a Hearing, and a copy of the Rules of Prohibited Conduct. Resp. Exs. 105 & 115. Petitioner stated that he understood his rights, had reviewed the Misconduct Report, and denied each charge.

Officer Serrano noted that the record contained transcriptions of the phone calls at issue and that he had interviewed inmate Fogelman. Serrano denied petitioner's request to present additional written testimony from Thelma Atkinson and Russel Jackson. Serrano found by a preponderance of the evidence that petitioner violated Rackteering and Disobedience of an Order I rules, but dismissed the Extortion II charge for insufficient evidence. For the Racketeering rule violation, petitioner was sanctioned with 60 days disciplinary segregation, 14 days loss of privileges upon release from segregation, and a suspended fine of $100. Sanctions on the Disobedience of an Order I rule violation

3 - OPINION AND ORDER

merged with the sanctions for Racketeering. Petitioner did not lose any good time credits because petitioner had not been awarded any such credits.

On July 18, 2011, petitioner filed a Petition for Administrative Review, arguing that the governing Oregon Administrative Rules (OARs) 291-105-0015, -0021, -0028, were not complied with because: he was not permitted to call witnesses, his requested investigation was not completed, the Misconduct Report alleged insufficient facts and was not timely filed, and there was not a preponderance of evidence supporting the rule violations. Motion for Evidentiary Hearing (#44), Ex. 14. Petitioner also alleged these rule violations deprived him of Due Process under the Fourteenth Amendment.

In a written response dated August 30, 2011, the Inspector General determined that there was substantial compliance with the rules, the findings were based upon a preponderance of the evidence, and the sanctions were in accordance with the provisions of the rules. Id., Ex. 15.

On September 28, 2011, petitioner filed a Petition for Writ of Habeas Corpus in Malheur County Circuit Court, alleging that the hearing process violated administrative rules and violated his right to Due Process under the Fourteenth Amendment. Resp. Ex. 105. On October 13, 2011, the state court denied the petition on the grounds that it was moot because he had been released from

4 - OPINION AND ORDER

disciplinary segregation, and his claims were not properly raised in habeas. Resp. Ex. 110.

Petitioner filed an appeal on December 19, 2011. On January 20, 2012, the Oregon Court of Appeals dismissed his appeal as untimely. Resp. Ex. 114. Petitioner filed the current petition for writ of habeas corpus on June 8, 2012.

## DISCUSSION

Petitioner alleges seven grounds for relief: (1) his Due Process rights were violated when the misconduct report was not filed within 24 hours as required under OAR 291-105-0021(2)(a); (2) his Due Process rights were violated because the misconduct report failed to contain sufficient factual allegations as required under OAR 291-105-0021(2)(a); (3) his Due Process rights were violated when Officer Serrano failed to determine that a *prima facie* case existed as required by OAR 291-105-0026(2); (4) his Due Process rights were violated when Serrano failed to conduct an adequate investigation or permit petitioner to call witnesses as required under OAR 291-105-0028(8)&(9); (5) his Due Process rights were violated when Serrano failed to find that he violated prison rules by a preponderance of evidence as required by OAR 291-105-0028(3); (6) his Due Process rights were violated when Serrano failed to identify a specific privilege he abused to justify the sanction as required by OAR 291-105-0066(2); and (7) his Due Process rights

were violated when Serrano imposed a fine of $100 without an adequate factual basis as required by OAR 291-105-0069(1)(a).

Respondent moves to deny the habeas petition on several bases: (1) petitioner is not "in custody" for purposes of 28 U.S.C. § 2254; (2) petitioner did not fairly present Grounds One through Seven to the Oregon Supreme Court, and therefore, his claims are procedurally defaulted; (3) petitioner's alleged violations of state law are not cognizable under § 2254; and (4) because petitioner was provided adequate process in his prison disciplinary proceeding, his due process claims fail on the merits.

## DISCUSSION

### I. Jurisdictional Custody Requirement

A district court has subject matter jurisdiction to entertain a petition for writ of habeas corpus only if the petitioner is "in custody" within the meaning of 28 U.S.C. § 2254(a) at the time the petition is filed. Section 2254(a) states in pertinent part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).

The statute's "in custody" requirement is jurisdictional and thus it is the first question this court must consider. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). The requirement has two

aspects: (1) the petitioner must be in custody at the time the petition is filed, and (2) the custody must be under the conviction or sentence under attack at the time the petition is filed. Id. Section 2254(a) "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Id. at 980 (quoting 28 U.S.C. § 2254(a)). See also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)(noting that the purpose of seeking habeas corpus relief is to secure immediate or speedier release from illegal physical custody).

Physical custody alone is not determinative; rather a court will have habeas jurisdiction if there is a sufficient restraint on liberty, as opposed to a mere collateral consequence of the conviction. Bailey, 599 F.3d at 979. Once the sentence imposed for a conviction has "fully expired," the collateral consequences of that conviction are not sufficient to render an individual "in custody" for purposes of a habeas petition. Maleng v. Cook, 490 U.S. 488, 492 (1989)(per curiam); see also NcNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999)(finding Oregon sex offender registration statute did not render petitioner "in custody"); Tatarinov v. Superior Ct., 388 Fed. Appx. 624, 625 (9th Cir. 2010)(petitioner no longer in custody once discharged from parole or probation).

In this case, petitioner does not challenge his Aggravated Murder, Robbery, or Possession of a Firearm convictions. Petitioner challenges only his June 2011 disciplinary conviction

7 - OPINION AND ORDER

for which he received disciplinary segregation, a loss of privileges, and a fine. Petitioner was not sanctioned with a loss of good time credits. The record demonstrates that petitioner's disciplinary segregation expired on August 25, 2011, and the 14 days lost privileges expired shortly thereafter. Resp. Ex. 104. Petitioner filed the instant petition on June 8, 2012. Thus, petitioner's sentence had completely expired by the time he filed his petition. Respondent argues that petitioner was not "in custody" pursuant to the disciplinary conviction he challenges at the time he filed his petition, and therefore, this court lacks jurisdiction. Maleng, 490 U.S. at 492 (conviction fully served does not satisfy the "in custody" requirement, even though it may possibly be used to enhance a subsequent sentence, and even if this possibility "actually materializes"); see Harris v. Felker, 2009 WL 3148769, *3 (S.C. Cal. Sept. 28, 2009)(finding petitioner was not "in custody" where challenged disciplinary sanction was fully served).

Petitioner acknowledges that he was released from segregation, but contends that he remains "in custody" as a result of his June 2011 racketeering conviction in three ways.[1] First, petitioner

---

[1] Petitioner submitted multiple exhibits in support of his motion for an evidentiary hearing. Respondent correctly observes that petitioner may not challenge his Parole Board decision in this proceeding. However, in reviewing petitioner's arguments, it is clear that petitioner does not submit the exhibits as an attack on the Board's decision, but as an attempt to demonstrate that the Board considered his June 2011 disciplinary conviction

8 - OPINION AND ORDER

argues that the Oregon Board of Parole and Post Prison Supervision (Board) relied upon the June 2011 disciplinary conviction to defer his parole until June 28, 2015. Second, petitioner alleges that he will remain on "Moderate Alert Status" until June 19, 2015, which he alleges is an "atypical restriction" on his liberty. And third, petitioner argues that he has been removed from non-monetary incentive level three.

Direct challenges to parole decisions and parole consideration processes are theoretically cognizable in habeas because they go directly to the fact or duration of custody. See Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004)(district court had jurisdiction over habeas petition challenging Montana parole board's refusal to provide annual review of suitability for parole). However, challenges to disciplinary decisions with only a speculative effect on future parole prospects typically fall outside the scope of habeas jurisdiction. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)(claim regarding disciplinary procedures properly brought under § 1983 because expungement of disciplinary finding was not "likely to accelerate prisoner's eligibility for parole").

Petitioner does not challenge the Board's decision to defer his parole directly, but instead contends that but for the June 2011 disciplinary conviction, he would be released on parole.

---

when denying him parole. Because petitioner appears *pro se*, I have considered the recently filed exhibits as supplemental exhibits in support of his habeas petition.

9 - OPINION AND ORDER

Petitioner argues that his June 2011 disciplinary conviction necessarily impacted his deferral of parole because the Board was required to deny his parole because of it, citing to O.R.S. § 144.125(2)(providing that the "board shall postpone a prisoner's scheduled release date if it finds . . . that the prisoner engaged in serious misconduct during confinement"). I disagree.

As in <u>Ramirez</u>, even if petitioner successfully challenged the disciplinary proceeding, "the parole board will still have the authority to deny his request for parole on the basis of any of the grounds presently available to it in evaluating such a request." <u>Ramirez</u>, 334 F.3d at 859 (citation and internal modifications omitted). Moreover, an inmate's misconduct during confinement is one of many factors the Board may consider. <u>See generally</u> O.R.S. §§ 144.098, 144.125, 144.185; OAR 255-060-0006, 255-060-0012. "The decision to release a prisoner rests on a myriad of considerations." <u>Sandin v. Conner</u>, 515 U.S. 472, 487 (1995).

Lastly, to conclude that Board would have released petitioner even if he were to successfully challenge his June 2011 disciplinary sanction on the record before me is purely speculative. Here, petitioner ignores that he has had numerous instances of misconduct (15) during his confinement, including an attack on a correctional officer. Motion for Evidentiary Hearing (#44) Ex. 12. Indeed, the Board's decision deferring parole concluded that the petitioner "suffers from a present severe

10 - OPINION AND ORDER

emotional disturbance that constitutes a danger to the health or safety of the community." Id. at Ex. 11.

In short, I find petitioner has failed to demonstrate a sufficient nexus between his claim and the alleged unlawful nature of his custody. The alleged connection between petitioner's challenged disciplinary segregation and the length of petitioner's confinement is too speculative to establish habeas jurisdiction. Ramirez, 334 F.3d at 859; see also Jeffries v. McEwen, 2011 WL 6819114, *3 (S.D. Cal. Aug. 9, 2011), adopted, 2011 Wl 6819099 (Dec. 20, 2011)(finding no jurisdiction to challenge disciplinary sanction where inmate alleged sanction would be considered during parole eligibility); Gilman v. Knowles, 2010 WL 1659498, *4 (E.D. Cal. Apr. 23, 2010)(same).

Additionally, I conclude that petitioner's alert status designation and alleged lost incentives are too speculative to constitute significant restraints on his liberty. Petitioner conclusively alleges that the alert status and the lost incentives are "atypical restrictions." Petitioner does not identify any particular restrictions he has suffered as a result of being placed on alert status, but merely asserts that additional restrictions "may be triggered" if fellow inmates provide false information. Brief in Support (#32), p. 3. This type of potential future restriction has been rejected as sufficient to place a petitioner "in custody" within the meaning of § 2254(a). Williamson v.

11 - OPINION AND ORDER

Gregoire, 151 F.3d 1180, 1184 (9th Cir. 1998)(potential future incarceration for failure to register as a sex offender was not "custody" under § 2254(a)).

With respect to the lost incentives, petitioner alleges that he has suffered loss of privileges and freedom, such as privileged housing and the lost ability to request incentive moves or to purchase incentive items. But, petitioner fails to demonstrate how these lost incentives restrain his physical liberty. Accordingly, I conclude that these allegations fail to establish a "nexus" to the alleged unlawful nature of his custody. See Pernokis v. McBride, 67 Fed. Appx. 931 (7th Cir. 2003)(reprimand and loss of recreation privileges as a result of disciplinary sanction did not render petitioner "in custody" under § 2254).

In summary, petitioner's sentence that he challenges in this proceeding has fully expired, and the alleged consequences he suffers do not place him "in custody" for purposes of § 2254(a). Accordingly, the court lacks jurisdiction over petitioner's petition for writ of habeas corpus. I decline to address the parties remaining arguments.

## II. Motion for Evidentiary Hearing

Petitioner moves for an evidentiary hearing on his claims for federal habeas relief (#44). I conclude that because the court does not have jurisdiction, petitioner's request for an evidentiary hearing is denied as moot.

12 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, petitioner's Motion for an Evidentiary Hearing (#44) is DENIED, petitioner's Petition for Writ of Habeas Corpus (#1) is DENIED, and this proceeding is DISMISSED.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __9__ day of SEPTEMBER, 2013.

Malcolm F. Marsh
United States District Judge